UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO



)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) Case No. 3:17mj510
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **Filed Under Seal**
)

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile/Metro PCS, a cellular service provider, located in Parsippany, New Jersey, to disclose certain records and other information pertaining to the cellular telephone assigned call number, **513-399-9760**, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. T-Mobile/Metro PCS is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile/Metro PCS to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d).

Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating narcotics transport and narcotics distribution offenses committed by JORDAN SMITH in Dayton, Ohio and elsewhere. The investigation concerns potential violations of conspiring to knowingly and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846.

5. Beginning in 2016, agents and task force officers of the Dayton Resident Office of the Drug Enforcement Administration (DEA) have investigated Robert Wilton Stroud (hereinafter referred to as "STROUD") and others for narcotics distribution offenses. On or around June 15, 2017, agents believe JORDAN SMITH traveled to Chicago, Illinois from Dayton, Ohio at STROUD's direction. Agents believe SMITH traveled to Chicago, Illinois with the intent of purchasing approximately five kilograms of cocaine and transporting the narcotics back to Dayton, Ohio for distribution on that same date.

6. DEA Chicago Group 81 established physical surveillance of JORDAN SMITH at the Omni Hotel in Chicago, Illinois on or about June 15, 2017 at 1153 hrs. Physical surveillance units observed SMITH walk out of the Omni Hotel lobby carrying a tan purse and large black duffel bag and enter the driver seat of a vehicle and depart the area. SMITH traveled to a location where she met with a Hispanic male. Bags were exchanged between the parties and SMITH departed the meet location.

7. On or about June 15, 2017, JORDAN SMITH was intercepted by law enforcement in the form of a traffic stop conducted by Cook County Sheriff Police Department Street Crime Suppression Unit and DEA Chicago Group 81. JORDAN SMITH provided consent for law enforcement to search the vehicle she was operating. Law enforcement officers discovered a Macy's shopping bag inside the vehicle containing approximately five kilograms of cocaine, which was seized by DEA Chicago Group 81. DEA Chicago Group 81 transported the cocaine to the DEA North Central Laboratory in Chicago, Illinois, which was later confirmed to be cocaine with a net weight of 4,887 g.

8. Agents believe the cell tower and sector information will provide evidence that SMITH traveled from Dayton, Ohio to Chicago, Illinois, where she obtained narcotics and later that evening returned to Dayton, Ohio, which was the final destination of the narcotics.

9. Cell tower and sector information can be materially relevant in investigations involving drug distribution offenses. This information provides evidence of the travels undertaken by the subject when meeting with sources of supply and the locations where narcotics are purchased and distributed. Data regarding the subjects' whereabouts obtained from cell site information can provide evidence of the locations of the criminal activities.

10. Subscriber information and billing records maintained by telephone providers also provide material evidence of the above noted offenses. Such information is significant in that it helps in determining the identities of the users of the telephones.

## REQUEST FOR ORDER

11. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify locations with respect to the events described above, and to determine the nature, location, and scope of the activities of the individuals identified above. Accordingly, the United States requests that T-Mobile/Metro PCS be directed to produce all items described in Part II of Attachment A to the proposed Order.

12. The United States further requests that the Order require T-Mobile/Metro PCS not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation, and its disclosure may alert the targets to the scope of the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight

from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

13. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                        Respectfully submitted,

                        BENJAMIN C. GLASSMAN
                        United States Attorney

By:  s/Dominick S. Gerace
      DOMINICK S. GERACE (0082823)
      Assistant United States Attorney
      200 West Second Street, Suite 600
      Dayton, Ohio 45402
      Office: (937) 225-2910
      Fax: (937) 225-2658
      dominick.s.gerace@usdoj.gov